# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-30700
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARANDA GATTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20051-2

Before HIGGINBOTHAM, BARKSDALE and HAYNES, Circuit Judges

PER CURIAM:[*]

Maranda Gatte appeals the 120-month sentence imposed following her guilty-plea conviction of conspiring to commit interstate kidnaping, in violation of 18 U.S.C. § 1201. Gatte argues that the district court erred by imposing a sentence that was within the guidelines range, because her diminished mental capacity, lack of education, mental and physical abuse at the hands of her co-conspirator, Dagoberto Sanchez, and inability to protect the situation from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez, are sufficient to rebut the presumption that her guidelines sentence is reasonable.

This court reviews sentences for reasonableness in light of the factors in § 3553(a), applying an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Appellate courts afford significant deference to the district court's consideration of the § 3553(a) factors, as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant. *See Gall*, 128 S. Ct. at 597-98. A sentence that is within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 328 (2008).

The Government contends that plain error review governs this appeal because Gatte did not contemporaneously object to the reasonableness of her sentence. We need not determine whether plain error review governs Gatte's appeal, because we conclude that Gatte is not entitled to relief even under the ordinary standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

The district court stated that it had reviewed all of the materials that were submitted in the case, which included a psychological evaluation regarding Gatte's mental capacity and a statement from the victim, and also stated that it was considering the 18 U.S.C. § 3553(a) factors. The district court also considered Gatte's allocution statement and the arguments that were presented by the defense and by the Government. When assessing Gatte's sentence, the district court determined that the sentence was appropriate under the circumstances especially considering the severity of the crime that Gatte committed. The district court further determined that Gatte knew the difference between right and wrong, that she chose wrong, and that her decision "severely

scarred a young lady." Thus, the record demonstrates that the district court properly made an individualized assessment to determine whether a sentence within the guidelines range was sufficient but not greater than necessary to achieve the goals of § 3553(a). *See Rita v. United States*, 127 S. Ct. 2456, 2463 (2007); *Campos-Maldonado*, 531 F.3d at 339. Gatte has failed to rebut the presumption of reasonableness that this court applies to her within-guidelines sentence. *See Cisneros-Gutierrez*, 517 F.3d at 764-67.

The judgment of the district court is AFFIRMED.